UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALAMON DUKE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY COLLEGE OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 19-cv-06327-PJH   (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE REGARDING ATTORNEY-CLIENT PRIVILEGE**<br><br>Regarding Docket No. 70 |

The parties filed a joint letter to address their discovery dispute regarding documents withheld on the basis of attorney-client privilege. Plaintiffs seek to compel production - in unredacted form - of documents that Defendants redacted for attorney-client privilege and identified on a privilege log. Upon review of the unredacted documents *in camera*, the Court DENIES Plaintiff's motion to compel production of documents from the privilege log.

The party asserting the attorney-client privilege has the burden of proving that the privilege applies. *Weil v. Investment/Indicators Research & Management*, 647 F.2d 18, 25 (9th Cir. 1981). The privilege protects communications between an attorney and her client made in confidence for the purpose of securing legal advice from the lawyer. *U.S. v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Here, Defendants argue that Defendant City College of San Francisco ("CCSF") sought legal advice regarding the allegations that Plaintiff had been accused of sexual harassment in his job before CCSF.

Plaintiff argues that Defendants violated the Brown Act and thus that they waived attorney-client privilege. Plaintiff cites *Zurich Am. Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485, 1503 (2007) for this proposition, but that case does not even address the Brown Act. Furthermore, citation to California law is inappropriate, as the federal law of privilege controls in

this case.  In this action, Plaintiff asserts both federal and state law claims.  (Dkt. Nos. 1, 24.)  In actions with both federal and state law claims, the Court applies the federal law of privilege.  *Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003) (internal citations omitted).

Plaintiff then argues that including "nonlegal, nonessential individuals" in communications with lawyers waived any attorney-client privilege and that merely sending a copy of a communication to a lawyer does not cloak that communication with attorney-client privilege.  Plaintiff "is informed, believe [sic] and thereon allege [sic] that Defendants were not seeking legal advice in the communications in questions [*sic*]."  Plaintiff again cites to California law, but in this case California law is consistent with federal law.  However, Plaintiff misapprehends the nature of the attorney-client relationship.  Here, all of the challenged communications fall into two categories:  (1) communications between CCSF's employees and its outside lawyers, and (2) communications between and among CCSF's employees and its General Counsel for CCSF and Associate General Counsel for CCSF.  (Dkt. No. 74.)  An entity such as the CCSF can only communicate through its employees, and here CCSF, through its employees, sought legal advice from CCSF's lawyers.  Communications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice.  *Chen*, 99 F.3d at 1501 (rebuttable presumption that lawyer is hired to give legal advice).  Communications between an entity's employees and its in-house lawyers do not have the same presumption, though.  *U.S. v. Chevron Texaco Corp.*, 2541 F.Supp.2d 1065, 1076 (N.D. Cal. 2002).  Here, the Court has reviewed all the challenged communications and finds that, in these communications, CCSF sought legal advice from its lawyers.  For this reason, the Court DENIES Plaintiff's motion to compel production of unredacted documents.

**IT IS SO ORDERED**.

Dated: March 10, 2021

_____
SALLIE KIM
United States Magistrate Judge