UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALAMON DUKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY COLLEGE OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-06327-PJH   (SK)<br><br>**ORDER ON DISCOVERY DISPUTE REGARDING DEFENDANTS DISCOVERY REQUESTS**<br><br>Regarding Docket No. 80 |

On March 24, 2021, the parties filed a joint letter brief to address their dispute regarding Plaintiff's responses to Interrogatories and Requests for Production issued by Defendants City College of San Francisco and Chancellor Mark Rocha ("Defendants") and Plaintiff's failure to produce a personal journal before the deadline for fact discovery.

<u>Failure to Produce Personal Diary in Timely Manner</u>

Defendants argue that Plaintiff failed to produce his personal journal in a timely manner because Plaintiff produced it after the deadline for fact discovery. The deadline for fact discovery was February 26, 2021. (Dkt. Nos. 47, 48.) Plaintiff does not deny production after the deadline. Plaintiff testified in his deposition that some of his journal entries addressed the time when he was unemployed after losing his job. (Dkt. No. 80.) The late production violates General Order 71, which requires production of a "diary journal, and calendar entries maintained by plaintiff concerning the factual allegations at issue in this lawsuit," 30 days after Defendants file a responsive pleading or motion. Here, Defendants filed a motion to dismiss on November 1, 2019. (Dkt. 16.) Thus, Plaintiff violated General Order 71 by producing the journal after November 1, 2019.

Defendants seek a sanction of issue preclusion for the late production of this journal. They

1  argue prejudice because Plaintiff did not produce the journal until after discovery closed, and
2  Defendants have already filed their motion for summary judgment.  Plaintiff argues that
3  Defendants were able to question Plaintiff about his journal during his deposition, but the cited
4  testimony shows merely that Defendants learned that the journal existed.  It is axiomatic that
5  Defendants could not question Plaintiff about a journal in a meaningful way during his deposition
6  because Defendants had not seen it.
7        The Court finds that a sanction may be appropriate but seeks further briefing on this issue.
8  Defendants seek "an issue sanction related to Plaintiff's claims for emotional distress due to
9  Plaintiff's failure to produce a key document (the journal) until after Plaintiff's deposition and
10 after the close of fact discovery[.]"  However, Defendants do not explain in any detail the type of
11 issue sanction they seek.  The Court ORDERS Defendants to file a 3-page letter brief by April 1,
12 2021 explaining in further detail what they seek in terms of an issue sanction.  Plaintiff may file a
13 3-page letter brief in response by April 8, 2021.
14       <u>Interrogatories</u>
15       Defendants seek monetary sanctions for the attorneys' fees incurred in filing this motion
16 and a ruling that Plaintiff waived objections to Defendants' Interrogatories because Plaintiff failed
17 to respond to Defendants' Interrogatories.  Defendants served Interrogatories on Plaintiff on
18 January 21, 2021.  (Dkt. No. 81.)  The certificate of service indicates that Defendants served the
19 document via electronic mail on January 21, 2021.  On February 23, 2021, Defendants and
20 Plaintiff met and conferred because Plaintiff had allegedly not received the Interrogatories, and
21 Plaintiff's counsel represented in a telephone call and in writing that Plaintiff would serve
22 responses on March 12, 2021.  (Dkt. 80 at page 3.)  Defendants content that, as of March 24, 2021,
23 Plaintiff had not served responses.  (Dkt. 80.)
24       Plaintiff's position on the issue of responses to Interrogatories is not clear.  Plaintiff does
25 not provide a declaration under penalty of perjury stating that Plaintiff failed to receive the
26 Interrogatories that were served on January 21, 2021.  Additionally, Plaintiff does not state in any
27 manner when Plaintiff did receive the Interrogatories.  Plaintiff does not deny that Plaintiff agreed
28 to provide responses on March 12, 2021, and does not deny that Plaintiff failed to serve responses

United States District Court
Northern District of California

as of March 24, 2021.

Defendants seek a ruling that Plaintiff has waived objections to the Interrogatories, but Defendants do not and cannot seek to compel responses to the Interrogatories. Any motion to compel responses to the Interrogatories is untimely because Local Rule 37-3 requires that "no motions to compel discovery may be filed more than 7 days after the discovery cut-off." Here, the fact discovery cutoff was February 26, 2021, and thus the deadline to file a motion to compel was March 5, 2021. Defendants submitted this letter brief on March 24, 2021. Thus, Defendants cannot seek to compel responses. Local Rule 37-3 further provides: "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Defendants fail to provide a good reason for failure to file a motion to compel before March 5, 2021.

Here, Defendants seek an order finding that Plaintiff waived objections to the Interrogatories – not a motion to compel responses – but such a ruling would be meaningless in the absence of a response to the Interrogatories. Therefore, the Court DENIES Defendants' motion and DENIES the motion for monetary sanctions.

<u>Deficiencies with Responses to Requests for Production of Documents</u>

Finally, Defendants argue that Plaintiff's responses to written Requests for Production of Documents do not comply with the Court's Standing Order and Federal Rules of Civil Procedure. As noted above, Defendants cannot seek to compel responses because the deadline for doing so has long passed. Therefore, the Court DENIES any motion to compel further responses or documents and DENIES the motion for monetary sanctions.

**IT IS SO ORDERED**.

Dated: March 25, 2021

*Sallie Kim*

SALLIE KIM
United States Magistrate Judge