UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALAMON DUKE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY COLLEGE OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 19-cv-6327-PJH<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 101 |

On May 5, 2021, plaintiff Shalamon Duke filed a motion for relief from a nondispositive pretrial order of Magistrate Judge Kim. See Dkt. 101. Specifically, plaintiff challenges Judge Kim's April 21, 2021 order on discovery sanctions. See Dkt. 97.

A.     Legal standard

A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this "deferential" standard, the district court may not "substitute its judgment" for that of the magistrate judge. United States v. Abonce-Barrera, 257 F.3d 959, 968 (9th Cir. 2001); Grimes v. City & Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). A finding of fact may be set aside as clearly erroneous only if the court has "a definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992). However, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citations omitted).

B.  Analysis

In the April 21 order, Judge Kim started by noting that the court had "previously ruled (Dkt. 82) that plaintiff failed to produce his personal journal in a timely manner because he produced it after the deadline for fact discovery."  Dkt. 97 at 1.

The court then noted that plaintiff also violated General Order 71 by not producing the journal within 30 days of defendant's motion to dismiss in November 2019, and also violated Federal Rule of Civil Procedure 26 by not producing the journal within 14 days of the initial case management conference in June 2020.  Dkt. 97 at 2.

Defendant asked for sanctions in the form of issue preclusion, but Judge Kim instead ordered that plaintiff be barred from using or relying on the journal at trial, that the jury be instructed that plaintiff did not produce the journal when required to do so, and that the jury may make an adverse inference finding.  Dkt. 97 at 4-5.  Judge Kim also imposed monetary sanctions against plaintiff in the amount of $3,300.  Id. at 5.

Plaintiff now objects to the sanctions imposed by the April 21 order.  Plaintiff first argues that Judge Kim's order "denied [him] due process by failing to afford him an opportunity to be heard."  Dkt. 101 at 4.  However, the record shows that plaintiff had multiple opportunities to be heard.

Plaintiff's first opportunity to present his arguments regarding the journal's production was in the joint discovery letter brief that he filed with defendant on March 24, 2021.  See Dkt. 80.  Notably, the joint letter brief contains defendant's argument that it was prejudiced by the late production of the journal and that it is entitled to monetary and issue sanctions as a result.  Id. at 5-6.  Thus, plaintiff was given the opportunity to, and did, present his "substantive position" regarding the timeliness of his journal's production and whether sanctions were warranted.  Id. at 6-8.

On March 25, 2021, one day after the joint discovery letter brief was filed, Judge Kim issued an order stating that the court "finds that a sanction may be appropriate but seeks further briefing on this issue."  Dkt. 82 at 2.  The March 25 order gave defendant until April 1 to file a three-page letter brief, and gave plaintiff until April 8 to file a three-

2

1  page response.  Id. at 1-2.
2  On April 8, 2021, plaintiff did indeed file a response – his second opportunity to be
3  heard – containing his substantive arguments regarding the production of his journal.
4  See Dkt. 91.
5  On April 9, 2021, Judge Kim issued an order directing defendant to file a "one-
6  page explanation of how and when they received plaintiff's journal."  Dkt. 92 at 1.  The
7  April 9 order did not solicit any legal argument from defendant, but rather just the facts
8  surrounding the manner in which plaintiff's journal was ultimately received.
9  Defendant filed its one-page response, and the next day, plaintiff filed his own
10 response without leave of court.  See Dkt. 94, 95.  Plaintiff now argues that "there is no
11 indication that Judge Kim gave any consideration" to his filing, but given that it was made
12 without authorization from the court, Judge Kim was not obligated to consider it.
13 More importantly, even if plaintiff is correct that his unauthorized filing was not
14 considered, he still had at least two previous opportunities to present his arguments
15 regarding the timeliness of his journal's production and the appropriateness of sanctions.
16 Accordingly, his argument that Judge Kim's April 21 order "denied [him] due process by
17 failing to afford him an opportunity to be heard" must be rejected.
18 Plaintiff also argues that "Judge Kim did not employ a harmlessness analysis."
19 Dkt. 101 at 4.  This argument ignores the detailed harmlessness analysis in the April 21
20 order, which started by setting forth the Ninth Circuit's five-factor harmlessness test, and
21 then expressly considered "whether plaintiff's late disclosure was harmless to
22 defendants."  Dkt. 97 at 2-4.  Plaintiff's argument that Judge Kim did not employ a
23 harmlessness analysis is belied by the record and must be rejected.
24 Plaintiff then argues that the "law of the case" doctrine precluded Judge Kim from
25 ordering sanctions.  See Dkt. 101 at 5.  However, this argument is based on a
26 misinterpretation of Judge Kim's previous order, which expressly left open the issue of
27 discovery sanctions and directed the parties to file further briefs on the issue.  See Dkt.
28 82 at 1-2.  The "law of the case" doctrine does not apply here.

For the foregoing reasons, plaintiff's motion for relief from nondispositive order of a magistrate judge is DENIED.

Finally, the court notes that Judge Kim's April 21 order stated as follows:

> The court ORDERS defendants to file the copy of the journal and the deposition transcript (under seal pursuant to the Local Rules and Protective Order if the materials have been designated as "Confidential"). Defendants provided the documents for *in camera* review, but they must be part of the official record.

Dkt. 97 at 4.

On May 3, 2021, defendant filed a "redacted version of plaintiff's journal" with black boxes covering every word on every page, but did not file an unredacted version to be part of the official record. Defendant must file an unredacted version of the journal – under seal if warranted under Civil Local Rule 79-5 – no later than the close of business on **Tuesday, May 11, 2021**.

**IT IS SO ORDERED.**

Dated: May 7, 2021

                                                         /s/ *Phyllis J. Hamilton*
                                                        PHYLLIS J. HAMILTON
                                                        United States District Judge